UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-20235-CIV-HUCK/O'SULLIVAN

JAVIER FREDY PAUCAR,

    Plaintiff,

v.

MSC CROCIERE S.A. and XYZ Corp.,

    Defendants.

_____/

**CLOSED CIVIL CASE**

## ORDER GRANTING MOTION TO COMPEL ARBITRATION

THIS MATTER is before the Court upon MSC Crociere, S.A. and XYZ Corp. ("Defendants[']") Motion to Compel Arbitration [D.E. # 4], filed January 29, 2013. Having considered the Motion, pertinent portions of the record, and being otherwise duly advised, the Court grants the Motion.

### I. BACKGROUND

Plaintiff, Javier Fredy Paucar ("Plaintiff"), brought a lawsuit in Florida state court for injuries he claims to have sustained while working as a crewmember aboard the *MSC SINFONIA* (the "*Sinfonia*"), a vessel allegedly owned and operated by Defendants. By his Complaint, Plaintiff asserts causes of action for Jones Act negligence, unseaworthiness, failure to provide maintenance and cure, failure to treat, and wages and penalties. Defendants removed the Complaint to this Court under 9 U.S.C. § 203, which provides federal courts jurisdiction when a dispute relates to an arbitration agreement that falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention").

Before beginning work on the *Sinfonia*, Plaintiff signed an employment agreement (the "Agreement") that incorporates terms of a separate Collective Bargaining Agreement (the "CBA"). The CBA contains an arbitration clause requiring "[g]reivances and disputes . . . [to] be referred to arbitration to the exclusion of any other legal or court proceeding . . . ." The CBA

1

directs that the arbitration shall be held in Panama City, Panama and further states that "[t]he law of the vessel's flag state shall govern any such dispute," which, in this case, is Panama. Based on the arbitration clause, Defendants move to compel arbitration pursuant to the Convention and 9 U.S.C. § 206. That section provides, in pertinent part, that "[a] court having jurisdiction . . . may direct that arbitration be held in accordance with the agreement at any place therein provided for, whether that place is within or without the United States." § 206.

Plaintiff argues that arbitration should not be compelled for three reasons. Initially, he argues that Defendants had a system in place that prevented him from reviewing the terms of the CBA before he signed the Agreement, and, therefore, there is no valid agreement to arbitrate under the Convention. Plaintiff also makes two public policy arguments to avoid arbitration based on the choice of law provision in the CBA. He first maintains that he should not be required to arbitrate because Panamanian law does not provide him the same rights and remedies as he would receive under United States law. Additionally, Plaintiff makes the related argument that the clause in the CBA providing for the application Panamanian law to the claims amounts to an unenforceable waiver of his statutory rights under the Jones Act.

## II.   LEGAL STANDARDS

When considering a motion to compel arbitration under the Convention, the Court should conduct a "very limited inquiry" and order arbitration unless "the [Convention's] four jurisdictional prerequisites are not met . . . or . . . one of the Convention's affirmative defenses applies." *Bautista v. Star Cruises*, 396 F.3d 1289, 1294 (11th Cir. 2005). The four jurisdictional prerequisites are that: "(1) there is an agreement in writing within the meaning of the Convention; (2) the agreement provides for arbitration in the territory of a signatory of the Convention; (3) the agreement arises out of a legal relationship, whether contractual or not, which is considered commercial; and (4) a party to the agreement is not an American citizen, or that the commercial relationship has some reasonable relation with one or more foreign states." *Id*. at 1294, n.7. At the arbitration enforcement stage, the only affirmative defense available is a claim that the arbitration agreement is null and void, inoperative, or incapable of being performed, and this is limited to the standard breach of contract defenses of fraud, mistake, duress, and waiver. *Lindo v. NCL (Bahamas), Ltd.*, 652 F.3d 1257, 1276-77 (11th Cir. 2011); *Bautista*, 396 F.3d at 1302.

### III.  DISCUSSION

Plaintiff first argues that the first jurisdictional requirement—an agreement to arbitrate within the meaning of the Convention—is not satisfied because Defendants had a system in place that prevented him from reviewing the terms of the CBA before agreeing to it.  According to Plaintiff's affidavit, he was required to stand in line before beginning employment and was required to sign the Agreement on the spot while not being permitted to ask questions.  Plaintiff says that if he did not sign the Agreement then and there, he would have not been permitted to start work.  He claims that this process violates the Seamen's Articles of Agreement Convention ("Seamen's Articles"), which provides, *inter alia*, that: "Reasonable facilities to examine the articles of agreement before they are entered shall be given to the seaman and also to his advisor" and that "[n]ational law shall make adequate provision to ensure that the seaman has understood the agreement."

Although Plaintiff contends that the first jurisdictional prerequisite is not satisfied because he was not able to review the terms of the CBA and was under pressure when he signed the Agreement, his argument is more properly analyzed as an affirmative defense to enforcement of the arbitration provision.  This is so because to satisfy the prerequisite of "an agreement to arbitrate," all that is required is a valid signature on the Agreement.  *See Bautista*, 396 F.3d at 1300-01.  Here, there is no dispute over the fact that Plaintiff signed the Agreement that incorporates the arbitration provision contained in the CBA.  Thus, the first jurisdictional prerequisite is satisfied.

When the argument is considered as an affirmative defense, it is apparent that Plaintiff's reliance on the Seamen's Articles is misplaced.  The only defenses to enforcement of the arbitration clause are those available under the Convention's null and void provision, which is limited to standard breach of contract defenses of fraud, mistake, duress, or waiver.  *See Lindo*, 652 F.3d at 1276-77; *Bautista*, 396 F.3d at 1302.  And Plaintiff's claim that he was faced with the choice of either signing the Agreement before reading the CBA or not signing it and not being allowed to work does not implicate any of these standard breach of contract defenses.  *See Bautista*, 396 F.3d at 1302 (finding that "a difficult take it or leave it situation when presented with the terms of employment" does not amount to a viable defense to an agreement to arbitrate

under the Convention); *see also Lujan v. Carnival Corp.*, No. 11-23826-CIV, 2012 WL 1104253, at *2-3 (S.D. Fla. Apr. 2, 2012), *appeal dismissed*, (Aug. 22, 2012) (finding non-compliance with the Seamen's Articles when an agreement to arbitrate is signed will not allow a plaintiff to avoid enforcement of an agreement to arbitrate under the Convention); *Quiroz v. MSC Mediterranean Shipping Co. S.A., et al.*, No. 12-cv-61322 (S.D. Fla. Oct. 18, 2012) (D.E. #22) (same). Therefore, because the type of "take it or leave it" circumstance that Plaintiff claims occurred here does not amount to a defense under the Convention, he is not able to avoid enforcement of the agreement to arbitrate on these grounds.

Plaintiff next makes two public policy arguments, essentially arguing that application of Panamanian law to his claims is unfair. He first argues that the agreement to arbitrate should not be enforced because, if arbitration is compelled, the application of Panamanian law will not provide him the same rights and remedies that he would receive under United States law. Specifically, Plaintiff contends that the Panamanian statute of limitations is shorter than under United States law, his maximum recovery is limited under Panamanian law, Panamanian law does not provide strict liability for his unseaworthiness claim, and Panamanian law does not allow for punitive damages for maintenance and cure. Similarly, Plaintiff further argues that arbitration should not be compelled because the choice of law provision in the CBA is an improper waiver of his rights under the Jones Act.

In support of his first public policy argument, Plaintiff relies on *Paladino v. Avnet Computer Technologies, Inc.*, 134 F.3d 1054 (11th Cir. 1998), where the court found an arbitration clause invalid because it improperly waived the plaintiff's statutory claims for employment discrimination. *Id.* at 1062. But *Paladino* was not a case under the Convention and is not applicable here. Instead, the analysis must be guided by *Bautista* and *Lindo*. As explained above, these cases demonstrate that the only defenses to enforcement of an agreement to arbitrate under the Convention are fraud, mistake, duress, and waiver. *Lindo*, 652 F.3d at 1276-77; *Bautista*, 396 F.3d at 1302. Plaintiff's argument that he will not receive the same rights and remedies under Panamanian law as those provided under United States law does not implicate any of these standard breach of contract defenses and will not preclude enforcement of the arbitration clause.

Even assuming Plaintiff's argument could be entertained at this stage, it is not apparent that Panamanian law is so unfair that the choice of law provision in the CBA is unenforceable. By Plaintiff's account of Panamanian law, remedies are available for these claims but are less favorable than under United States law. But simply a greater chance of success or more variety of claims under United States law will not render a choice of law clause unenforceable. *See Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1297 (11th Cir. 1998) ("[W]e will declare unenforceable choice clauses only when the remedies available in the chosen forum are so inadequate that enforcement would be fundamentally unfair."). Nevertheless, Plaintiff may assert this public policy argument at the award enforcement stage. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc*., 473 U.S. 614, 638 (1985). At that time, "[t]he Convention [provides] to each signatory country the right to refuse enforcement of an award where the 'recognition or enforcement of the award would be contrary to the public policy of that country.'" *Id.* (quoting the Convention, Art. V(2)(b)).

Turning to Plaintiff's second related public policy argument—that arbitration should not be compelled because the arbitration clause and choice of law provision act as an improper waiver of Plaintiff's statutory rights under the Jones Act—he relies on *Thomas v. Carnival Corp.*, 573 F.3d 1113, 1123 (11th Cir. 2009), where the Eleventh Circuit accepted this argument. Although the *Thomas* decision supports Plaintiff's position, the court retreated from the holding of *Thomas* in *Lindo*, 652 F.3d at 1277-80. According to *Lindo*, *Thomas* was decided incorrectly because it failed to properly limit the scope of the null and void defense to fraud, duress, mistake, and waiver. *Id.* at 1278. Based on this reasoning, the *Lindo* court reached the opposite result of *Thomas* and concluded that unavailability of United States statutory remedies will not preclude enforcement of an agreement to arbitrate under the Convention. *See id.* at 1277-80.

Plaintiff, however, urges this Court to reject *Lindo* and follow *Thomas* because the parties in *Lindo* settled before the mandate was issued by the Eleventh Circuit. As such, Plaintiff argues that *Lindo* is purely advisory and should have been vacated. He cites Eleventh Circuit decisions that have found that the court should not issue an opinion, and should vacate any previously issued opinion, when the parties settle before a mandate is issued. *See Flagship Marine Services, Inc. v. Belcher Towing Co*., 23 F.3d 341, 342 (11th Cir. 1994) ("When a case settles before the end of the appellate process, any opinion that has been produced should be vacated."); *Key*

5

*Enterprises of Delaware, Inc. v. Venice Hosp.,* 9 F.3d 893, 900 (11th Cir. 1993) (explaining that any opinion issued by the Eleventh Circuit after settlement would be purely advisory and unconstitutional). These cases support Plaintiff's view that the Eleventh Circuit, by reason of its own precedent, should have vacated the *Lindo* opinion. But the court chose not to do so, and this Court is not at liberty to ignore the *Lindo* decision without risking reversal. *See Maxwell v. NCL (Bahamas), Ltd.*, 454 F. App'x 709, 710 (11th Cir. 2011) (reversing and remanding to district court on the grounds that *Lindo* rather than *Thomas* is controlling).

Plaintiff further argues that *Lindo* could not overrule *Thomas* because *Lindo* was a panel opinion, relying on *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) ("Under [the prior panel precedent] rule, a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*."). However, the Eleventh Circuit has found that the *Thomas* decision itself violated the prior panel precedent rule by not following *Bautista*. *See Fernandes v. Carnival Corp.*, 484 F. App'x 361, 362 (11th Cir. 2012); *Maxwell*, 454 F. App'x at 710. Accordingly, to the extent that the *Lindo* conflicts with *Thomas*, this Court is bound to follow *Lindo*. And as *Lindo* and *Bautista* demonstrate, the null and void defense is limited to fraud, duress, mistake, and waiver and will not extend to the type of defense Plaintiff raises here. *See Lindo*, 652 F.3d at 1276-77; *Bautista*, 396 F.3d at 1302.

## IV.  CONCLUSION

Consistent with the foregoing analysis, it is hereby

ORDERED that Defendants' Motion to Compel Arbitration [D.E. #4] is GRANTED. This case is DISMISSED and CLOSED. All pending motions are DENIED AS MOOT, and the parties are ORDERED to proceed to arbitration in accordance with the terms of the CBA.

DONE and ORDERED in Chambers, Miami, Florida, April 3, 2013.

_____
Paul C. Huck
United States District Judge

**Copies furnished to:**
All Counsel of Record

.